This was a motion to dissolve an injunction granted in November, 1804, to stay proceedings on a judgment of Henrico County Court, obtained upon a bond executed by *William Radford to James Innes. The bill stated that the bond was given for the purchase money of a tract of land in the state of Ohio ; that, in consequence of the interference of surveys made on behalf of other persons prior to that of Innes, it appeared that the estate of Radford, the testator of the complainants, would lose 173 acres, part of the tract which he had bought. As presumptive evidence of this,' the complainants exhibited a plat and certificate of survey, signed by a surveyor in the state of Ohio, and found among the papers of William Radford, but which was not duly authenticated. The answer (which was filed in March, 1806) denied the allegations in the bill, and demanded proof of their truth.
The Attorney General and Munford, for the complainants, moved for a continuance, alleging that they could, at the next term, be prepared to shew that the allegations in the bill were true, by evidence which they could procure from the state of Ohio, but had hitherto been prevented from obtaining, by the great distance of the residence of the complainants from that state, and the difficulty of having such subjects, as taking testimony so far off, attended to.
Copland on the other side, contended that a continuance ought not to be granted, it being inconsistent with the practice of the Court: and because the injunction had been awarded nearly two years, during which time the complainants might have availed themselves of any testimony deemed essential in their cause.
In reply, it was said that the answer had been lately filed, and that, until then, the complainants were not informed of the points intended to be controverted.
By the Court. The reasons assigned for a continuance are not sufficient to induce the Court to depart from the general rule ; and that is, never to continue a motion for the dissolution of an injunction, unless from some very great necessity, because the Court is always open to grant, and, of course, to reinstate an injunction, whenever it shall appear proper to do' so, and because too the plaintiff should always be ready to prove his bill. The injunction must be dissolved.